Filed 6/30/26  P. v. Mejia CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JESUS HUMBERTO MEJIA,<br><br>  Defendant and Appellant. | G064729<br><br>(Super. Ct. No. 09CF3083)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Larry Yellin, Judge. Affirmed as modified.

Michael Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Appellant.

\*          \*          \*

On remand for resentencing, defendant Jesus Humberto Mejia was sentenced to 14 years to life consecutive to 31 years and four months. On appeal, Mejia argues the trial court erred by failing to dismiss a firearm enhancement and by sentencing him to the middle rather than the lower term on all determinate sentences. We find the trial court properly considered all relevant factors on those counts, and therefore, the sentence must be upheld. We did, however, notice two additional potential issues and requested further briefing from the parties. One of those issues was not an error. The second, a missing sentence for one count, will result in an ordered modification to reflect the court's intent. In all other respects, we affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

*A. Background Facts and Trial*

We summarized the facts in our prior opinion in this case. (*People v. Mejia* (Jul. 27, 2022, G052967) [nonpub. opn.].) "Early one morning, Jose Ramirez and his wife, Alberta, heard their car alarm sounding. Alberta saw a young man standing at the garage. Jose went to the garage and noticed Mejia was outside standing next to a black car talking on a cellphone. When Jose entered the garage, he saw the back passenger window of his vehicle was broken. He watched Francisco Rodriguez, who was inside the vehicle, attempting to remove the speakers. Jose tried to leave the garage when Rodriguez turned and pointed a shotgun at him. Mejia, who was now holding a pistol, ordered Jose back into the garage.

"Alberta, who was standing nearby, was holding a cellphone in her hand. Mejia pointed his pistol at her and grabbed her phone. At this point, the apartment complex manager arrived and told the two culprits, 'Lower your weapon. Don't be a fool. Think about what you're doing.'

2

Rodriguez pointed his shotgun at Jose and pulled the trigger three times, but the weapon did not fire. Hearing sirens in the background, Mejia said, 'Let's get out of here.' The men escaped in the black car that had been left outside the garage." (*People v. Mejia, supra,* G052967.)

A jury convicted Mejia of possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1);[1] counts one & 11); second degree vehicle burglary (§§ 459, 460, subd. (b); count two); second degree robbery (§§ 211, 212.5, subd. (c); count three); attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a); counts four and nine); attempted first degree robbery (§§ 664, subd. (a), 211, 212.5, subd. (a); counts five and seven); first degree burglary (§§ 459, 460, subd. (a); counts six and eight); and street terrorism (§ 186.22, subd. (a); count 10). The jury found true that in counts three and nine, Mejia personally used a firearm during the commission and attempted commission of such offenses. (§ 12022.53, subd. (b).) As to counts four and seven, vicarious use of a firearm by a gang member was also found to be true. (§ 12022.53, subds. (b), (e)(1)). Counts one to nine and 11 were found to have been committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) The jury also found true a prior conviction qualifying as a serious felony (§ 667, subd. (a)(1)), and two prior convictions qualifying as strikes (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)). "The court sentenced Mejia to an aggregate term of 44 years to life, consecutive to a determinate term of 62 years and four months." (*People v. Mejia, supra,* G052967.)

---

[1] Subsequent statutory references are to the Penal Code.

*B. First Appeal*

In September 2019, we issued an opinion which was subsequently vacated by the California Supreme Court. The case was remanded to us with directions to vacate our decision and reconsider in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (SB 775). (*People v. Mejia, supra,* G052967.) Based on changes in the law, we reversed and remanded the convictions for attempted murder (counts four and nine) and street terrorism (count 10). We also reversed the findings on vicarious use of a firearm by a gang member (counts four and seven) and the findings that the crimes were committed for the benefit of a criminal street gang on counts one through nine and 11. (§ 186.22, subd. (b)(1).) We also reversed and remanded the 10-year sentence on the firearm enhancement in order to allow the court to exercise its discretion to strike the five-year prior. (§ 667, subd. (a)(1).) We affirmed in all other respects. (*People v. Mejia, supra,* G052967.)

*C. Remand*

The prosecution chose not to retry one of the attempted murder counts (count four) or the gang offenses or enhancements.

At resentencing, on the remaining attempted murder count (count nine), the court imposed an indeterminate sentence of seven years to life, doubled to 14 years because of the strike prior. On the robbery count (count three), the court imposed a middle sentence of three years, doubled to six due to the strike prior. On the burglary convictions (count six and eight), the court imposed a consecutive sentence of one-third of the middle term of 16 months, doubled to 32 months due to the strike prior. Sentence on the remaining counts (counts one, two, five, and seven) was stayed under section 654. The court imposed consecutive 10-year sentences on the firearm

4

enhancements attached to counts three and nine. The aggregate sentence was 14 years to life consecutive to 31 years and four months in state prison.

Mejia appeals from the sentence imposed after remand.

## DISCUSSION

## I.

### FORFEITURE

The Attorney General contends Mejia forfeited the issue raised in this appeal by failing to raise them adequately at the resentencing hearing. We disagree. His resentencing brief specifically requested dismissal of the firearm enhancement and section 1385 was discussed at some length. Amended section 1170 was also cited. We find no forfeiture occurred.

## II.

### SECTION 1385, SUBDIVISION (C)

*A. Statutory Framework and Standard of Review*

As amended by Senate Bill No. 81 (Stats. 2021, ch. 721, § 1), section 1385 permits the court to exercise its discretion to strike or dismiss certain enhancements, or to strike the punishment for those enhancements. (§ 1385, subds. (a), (b)(1).) Under section 1385, subdivision (c)(2), in exercising that discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove" that certain mitigating circumstances are present.

Those circumstances include multiple enhancements, when alleged in a single case (§ 1385, subd. (c)(2)(B), and "prior victimization or childhood trauma" (§ 1385, subd. (c)(2)(E)). "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

5

Section 1385, subdivision (c)(6)(A) states: "'Childhood trauma' means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect. A court may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts, the court concludes that the defendant's childhood trauma substantially contributed to the defendant's involvement in the commission of the offense." Section 1385, subdivision (c)(6)(B) is similar. It states: "'Prior victimization' means the person was a victim of intimate partner violence, sexual violence, or human trafficking, or the person has experienced psychological or physical trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. A court may conclude that a defendant's prior victimization was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts, the court concludes that the defendant's prior victimization substantially contributed to the defendant's involvement in the commission of the offense."

The language section 1385, subdivision (c)(6)(A) (childhood trauma), and subdivision (c)(6)(B) (prior victimization), is permissive. The court "may conclude" these were connected to the offense if certain facts are present. (§ 1385, subd. (c)(5).) The court, however, is not required to do so.

We review the trial court's decision for abuse of discretion. (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on

6

improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) "The burden is on the party challenging the sentencing decision to show that the court abused its discretion." (*Ibid.*)

In *People v. Walker* (2024) 16 Cal.5th 1024, 1033, the California Supreme Court concluded that it was "clear that the structure [of section 1385, subd. (c)(2)] does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion' [citation]. Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.'"

## B. No Abuse of Discretion

In the Probation Report prepared for the initial trial, the probation officer noted a number of circumstances in aggravation and none in mitigation. The aggravating circumstances included the threat of great bodily harm, the use of a firearm, the vulnerability of some of the victims, the spree nature of the crimes, the commission of multiple serious and violent offenses, the defendant's prior record of gang activity and serious criminal conduct, and prior unsatisfactory probation performance.

On resentencing, Mejia's resentencing brief included a psychologist's report, which diagnosed him with PTSD, depression, and substance abuse. He was the youngest of 14 children, and all of his brothers

were in the same gang. He joined that gang at 12 or 13 years old. He had witnessed domestic violence between his parents on at least one occasion. He had also witnessed a friend commit suicide with a gun. The psychologist opined that "the impact of trauma, developmental age and immaturity, and adverse experiences . . . contributed to [Mejia's] behaviors and actions and led to his conviction." Counsel also argued that "drug addiction, mental health issues, and childhood trauma were factors in the commission of the crimes." At the hearing, counsel pointed out that Mejia had made progress in receiving substance abuse treatment and obtaining his G.E.D.

The prosecutor argued that dismissing the enhancements would "endanger public safety" under section 1385. The prosecutor discussed Mejia's priors and noted that he had only been out of custody for about 20 days when he committed the crimes in the instant case. The trial court stated it had taken all relevant factors into consideration, including Mejia's progress in prison and the nature of the instant crimes. The court did not find good cause for striking the enhancements.

The court was well within its discretion. Mejia claims the court did not give "great weight" to the factors enumerated in the statute, but the court was clear that it had considered the papers submitted, which included the psychologist's report. But ultimately, the court found Mejia had committed "a series of very dangerous and violent crimes." Thus, the court adequately considered the outcome that best served the interest of justice. (*People v. Walker, supra,* 16 Cal.5th at p. 1031.) We find no error.

## III.

## SECTION 1170, SUBDIVISION (B)(6)(A)

*A. Statutory Framework and Standard of Review*

As amended, section 1170, subdivision (b)(6)(A) provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

Once again, abuse of discretion is the relevant standard of review. (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn.8.)

*B. No Abuse of Discretion*

As part of the same hearing discussed above, the court imposed middle term sentences. Mejia argues this was error because "there was undisputed evidence that appellant had 'a history of adverse childhood experiences and trauma' and that his childhood trauma 'contributed to [his] behaviors and actions that led to his conviction.'" While Mejia did submit evidence on the issue of childhood trauma, the court's statements about the seriousness of the crimes indicated its finding that imposition of the lower term would be contrary to the interests of justice. There are no "magic words" the court must use to indicate its decision on that point. The court referred to the crimes as "dangerous and violent" and that it was only "by good fortune" that nobody had been killed. The court's rationale was clear, and its decision was not irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)

## ISSUES RAISED BY THE COURT

This court requested further briefing on two issues by the parties: the status of count 11, which appeared to be missing from the abstract of judgment; and whether the trial court erred by imposing a full 10-year sentence on the firearm enhancements attached to counts three and nine.

*A. Count 11*

Defendant was convicted in count 11 of possession of a firearm by a felon. (Former § 12021, subd. (a)(1).) At the resentencing hearing, the trial court initially imposed a consecutive sentence of one-third the midterm of one year and four months. Approximately two weeks later, the court corrected the sentencing order stating it had imposed a total determinate sentence of 32 years and eight months when it had intended to impose 31 years and four months. To reach the intended sentence, it would "stay imposition of sentence on count 11" which reduced the sentence by one year and four months.

This, however, was error, as the court cannot stay imposition of a sentence. (*People v. Mani* (2022) 74 Cal.App.5th 343, 380; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1472–1473.) Mejia suggests we remand to the trial court to impose sentence on count 11, noting the court can reach the same result by imposing a concurrent sentence. **~(ASB p2 )~** The People, however, recommend we simply order the judgment modified ourselves. We find this appropriate because the trial court would undoubtedly impose the same term. (See, e.g., *People v. Baylor* (1989) 207 Cal.App.3d 232, 236.)

*B. Firearm Enhancements*

The second question we asked the parties related to the court's imposition of a full 10-year sentence on both firearm enhancements. (§ 12022.53, subd. (b).) We asked whether this was permissible in light of

section 1170.1, subdivision (a); *People v. Moody* (2002) 96 Cal.App.4th 987, 990–991.

As relevant here, section 1170.1, subdivision (a), states: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed . . . the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and *shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses*." (Italics added.)

Section 12022.53, subdivision (b), states that any person convicted of a listed felony, and who in the commission of that felony personally used a firearm, shall be punished by a term of imprisonment of 10 years in the state prison, which shall be imposed in addition and consecutive to the punishment prescribed for that felony. "The firearm need not be operable or loaded for this enhancement to apply." (§ 12022.53, subd. (b).)

While this might seem to allow for the full 10-year enhancement to be applied, section 1170.11 clarifies that "As used in Section 1170.1, the term 'specific enhancement' means an enhancement that relates to the circumstances of the crime. It includes, but is not limited to, the enhancements" set forth in section 12022.53. "In section 1170.1, the term

11

'specific enhancement' is used to compel reduction of the term of an enhancement, imposed in a consecutive subordinate term, to one-third of the enhancement term. Thus, as we have seen, section 1170.1 expressly says a subordinate, consecutive term 'shall include one-third of the term imposed for any *specific enhancements* applicable to those subordinate offenses.' (Italics added.) Section 1170.11 therefore commands that an enhancement pursuant to section 12022.53 is subject to the one-third limitation of section 1170.1." (*People v. Moody, supra,* 96 Cal.App.4th at pp. 992–993.)

There is an additional wrinkle, however, that is present here. Mejia was sentenced to an indeterminate sentence of 14 years to life on count nine, the attempted murder count. He was sentenced to a determinate term of six years on count three, the robbery count. When attached to an indeterminate term, "section 1170.1's one-third limit for consecutive subordinate terms and enhancements does not apply." (*People v. Felix* (2000) 22 Cal.4th 651, 656.) "We thus conclude that the court should impose the full term for enhancements attached to indeterminate terms." (*Ibid.*)

"Section 1170.1, which requires reduction of consecutive terms to one-third, 'fully applies only when all terms of imprisonment are "determinate," i.e., of specified duration. A life sentence is "indeterminate," i.e., not for a fixed period. When a defendant is sentenced to both a determinate and an indeterminate sentence, the determinate sentence is served first. Nonetheless, neither term is "principal" [n]or "subordinate." *They are to be considered and calculated independently of one another.*'" (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1094.) Accordingly, we find no error, and thank the parties for their additional briefing on this issue.

12

## DISPOSITION

The judgment is affirmed as modified. The clerk of the court is ordered to modify the judgment and the abstract of judgment to reflect a concurrent sentence of one year and four months on count 11, and to submit a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


MOORE, J.

WE CONCUR:


MOTOIKE, P. J.


SANCHEZ, J.